**SIKES et al. v. McCULLOUGH.**

No. 2842.

Court of Civil Appeals of Texas. Beaumont.

Dec. 12, 1935.

Rehearing Denied Jan. 8, 1936.

R. H. Jernigan, of Port Arthur, for plaintiffs in error.

Pitts & Liles, of Conroe, for defendant in error.

WALKER, Chief Justice.

This appeal is by writ of error, but the parties will be referred to as appellants and appellee. The suit was filed in the county court by appellee, Chester McCullough, against appellants, Mrs. Eliska Sikes and husband, to recover $550 as the balance due under a written lease contract. Appellants answered (a) the contract had been canceled; (b) the monthly rental had been reduced from $50 to $25 per month; (c) for damages. The jury found (1) that the written lease contract plead by appellee was canceled by him on or about September 5, 1933; (2) that on September 5, 1933, appellee agreed to accept a monthly rental of $25 per month; (3) that appellant Mrs. Eliska Sikes owed appellee "rent"; and (4) that she owed him $180. Judgment was accordingly entered in appellee's favor for that sum.

Only two assignments of error are brought forward in appellants' brief, both to the effect that the court erred in entering judgment in favor of appellee, for the reason that the answers of the jury were conflicting. These assignments are without merit. There is no element of conflict in the answers of the jury. Appellee pleaded a written contract. By the answer to question No. 1 the jury found that that contract was canceled. Appellant answered, pleading that the written contract was canceled and that a new contract was entered into at $25 per month. The answer to question No. 2 was in line with appellants' answer.

The court instructed the jury not to answer question No. 2 if question No. 1 was answered in the affirmative. The jury violated that instruction by answering question No. 2. But the answer to question No. 2 is immaterial; it does not destroy the verdict, because it has nothing to do with the answers to questions 3 and 4 that appellants were due appellee rent in the amount of $180.

Appellants have a proposition to the effect that the judgment is without support in the pleadings. What we have said answers that proposition. There is another proposition to the effect that the judgment is fundamentally erroneous as being without support in the evidence. Fundamental error does not require the court to read the statement of facts to verify the judgment. The case was correctly tried, and the judgment appealed from is in all things affirmed.

Affirmed.